26269. VANDERBURG, *alias* VANDERBORROUGH, *v.* THE STATE.

DECIDED MAY 6, 1937.

*H. B. Moss, Gordon B. Gann,* for plaintiff in error.

*H. G. Vandiviere, solicitor-general,* contra.

BROYLES, C. J. The defendant was convicted of the offense of bigamy, and his motion for new trial was overruled. The indictment charged that on August 4, 1936, he "did unlawfully then and there, being a lawfully married man, and his lawful wife, Inez Williams Vanderborrough, being alive, he, the said accused, knowing his lawful wife to be alive, did then and there marry another woman, to wit, Evelyn Haile; the name of his lawful wife before the said accused married her being Inez Williams of Twiggs County, Georgia, whom the said accused married on August 1, 1936." The defense of the accused was that his marriage to Inez Williams was invalid for the reason that at the time of the marriage Inez Williams was the lawful wife of a man named Ralph Lohr, and therefore that Evelyn Haile Vanderburg was his lawful wife. The undisputed evidence showed that the defendant married Inez Williams of Twiggs County, Georgia, on August 1, 1936, in the court-house at Jeffersonville, Georgia, and that three days later he married Evelyn Haile in Marietta, Georgia. It further appears from the evidence that some time before Inez Williams married the defendant, she was married to Ralph Lohr; that subsequently she brought a suit against Lohr for divorce; that she obtained the first verdict for a divorce on July 20, 1936, and the second verdict and decree granting her a total divorce on December 22, 1936. It appears therefore that at the time (August 1, 1936) when the defendant and Inez Williams were married, Inez Williams was still the lawful wife of Ralph Lohr, and that her marriage to the defendant was a void proceeding, and that he was not guilty of bigamy in marrying Evelyn Haile. It is true that the evidence is silent as to whether Ralph Lohr was alive or dead on August 1, 1936, when Inez Williams and the defendant were married, but the presumption is that he was then in life, for otherwise Inez Williams would not thereafter have continued the prosecution of her divorce suit. The evidence did not establish the guilt of the accused beyond a reasonable doubt, and the court erred in refusing to grant a new trial.

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*